PER CURIAM
*248 *300 Defendant appeals a judgment of conviction for second-degree theft, raising two assignments of error. In her first assignment, defendant contends that the trial court erred by excluding evidence that defendant had accused the victim, her employer, of sexual improprieties and that defendant had discussed filing a lawsuit against the victim several days before the victim accused defendant of theft. Defendant contends that that evidence was relevant to the victim's bias toward defendant and that she was entitled to present it to impeach the victim's testimony. The state concedes that, under the circumstances of this case, the trial court erred. For the reasons explained below, we agree, accept the state's concession, reverse, and remand defendant's conviction. Because the trial court's error requires reversal, we do not reach defendant's second assignment of error.
Under OEC 609-1(1), "[t]he credibility of a witness may be attacked by evidence that the witness engaged in conduct or made statements showing bias or interest." Here, the state filed a pretrial motion in limine "to exclude any evidence of sexual advances or similar workplace indiscretions" by the victim. Defendant argued that the court should allow her to introduce "evidence of the alleged victim's sexual advances and other personal misconduct" directed toward defendant. After a hearing, the court granted the state's motion. Because the court prevented defendant from introducing any evidence of the victim's bias and motive for fabricating theft claims against defendant, the court erred as a matter of law. State v. Hubbard , 297 Or. 789, 800, 688 P.2d 1311 (1984) ("[W]here the questioning is curtailed before bias or interest is shown, the decision is an error of law.").
We turn to whether the error in excluding the bias evidence was prejudicial. "An erroneous decision to exclude evidence relevant to bias 'is reversible if it denies the jury an adequate opportunity to assess the credibility of a witness whose credibility is important to the outcome of the trial.' " State v. Lulay , 290 Or. App. 282, 293-94, 414 P.3d 903 (2018) (quoting Hubbard , 297 Or. at 800, 688 P.2d 1311 ).
*301 Here, the credibility of the victim was important to the outcome of the trial. In particular, the state relied on the victim's testimony to explain the context and import of videotapes and receipts showing defendant, who was a barista at the victim's coffee stand, engaging in the alleged theft by giving away drinks and stamp cards. The victim's testimony was that defendant's conduct in the videotapes violated employment policies and had no innocent explanation.
Given the central role of the victim's testimony in the state's case, we cannot conclude that the trial court's error in excluding the bias evidence had little likelihood of affecting the verdict. Hence, we conclude that the error was prejudicial.
Reversed and remanded.